Filed 6/20/22  P. v. Avalos CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN RODRIGUEZ AVALOS,<br><br>    Defendant and Appellant. | 2d Crim. No. B316891<br>(Super. Ct. No. BA173560-03)<br>(Los Angeles County) |

Juan Rodriguez Avalos appeals from an order denying his motion to dismiss his restitution order pursuant to Assembly Bill (A.B.) 1869 (2019-2020 Reg. Sess.).  For reasons we shall explain, we dismiss the appeal.

In 1999, appellant was convicted of two counts of residential robbery in concert with others (Pen. Code, §§ 211, 213, subd. (a)(1)(A)),[1] attempted robbery (§§ 664/211), residential burglary (§459), rape in concert (§ 264.1) and kidnapping to

---

[1] All statutory references are to the Penal Code.

commit robbery (§ 209, subd. (b)(1)). The jury also found true the firearm (§ 12022.5, subd. (a)(1)) and one "strike" allegations (§ 667.61, subds. (a), (b), (e)).

The trial court imposed a state prison sentence of 55 years to life and ordered appellant to pay a $10,000 restitution fine (§ 1202.4, subd. (b)) and a "fee" of $200 pursuant to section 290.3, subdivision (a).) On direct appeal, we affirmed the convictions with modifications to the sentence. (*People v. Lopez et al.* (Apr. 24, 2001, B138199) [nonpub. opn.].)

Appellant filed an in pro. per. motion to dismiss the restitution fine pursuant to A.B. 1869, which went into effect on January 1, 2021. The trial court summarily denied the motion, noting that A.B. 1869 does not apply to restitution fines imposed under section 1202.4, subdivision (b). Appellant filed a timely notice of appeal.[2]

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief which raises no arguable issues. We advised appellant he had 30 days within which to personally submit any contentions or issues that he wished us to consider. He subsequently filed a two-page handwritten supplemental brief.

Because this is an appeal from an order denying postconviction relief, appellant is not entitled to our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (*People*

---

[2] The trial court could not locate a copy of appellant's motion to include in the record on appeal. Appellant's appointed counsel also was unable to locate the document in the court file or to obtain a copy from appellant. Nonetheless, the content of the motion is apparent from the court's description of the motion in its order.

*v. Serrano* (2012) 211 Cal.App.4th 496, 501; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278.)  We do, however, consider the issues raised in appellant's supplemental brief.  (*Cole,* at p. 1040.)

Appellant maintains that A.B. 1869 entitles him to relief from the $10,000 restitution fine.  He is incorrect.  A.B. 1869 added section 1465.9, which repealed and made unenforceable a range of court-imposed costs.  It had no effect, however, on restitution fines imposed under section 1202.4, subdivision (b).

Since nothing in appellant's supplemental brief raises an arguable issue on appeal from the order denying his motion to dismiss the restitution fine, we dismiss the appeal.  (*People v. Serrano, supra*, 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

PERREN, J.

We concur:

GILBERT, P.J.

YEGAN, J.

3

Shelly Torrealba, Judge
Superior Court County of Los Angeles

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.